*The opinion of the Court was delivered by
Colcock, J.
It is requisite, in an action' for a malicious prosecution, to state, that the prosecution is determined, and at an end [1] for until that be determined, it cannot he known whether the prosecution be malicious or not, and this absurdity might follow ; a plaintiff might recover in the action, and yet be afterwards convicted on the original prosecution. (2 Selwyn, 1060.) When a person, charged with an offence, is bound to appear at the Court of Sessions, and does so, he will not be legally discharged, without an express order of the Court, for that purpose obtained. The entry of the solicitor, was not a legal discharge. But if a noli prosequi, can, under any circumstances, be considered such a termination of a prosecution as to enable the party prosecuted to commence this action, it cannot be so considered here [2] for I view this entry as a mere private memorandum of the public officer, neither putting an end'to the prosecution, nor as I have before said, operating as a discharge from the prosecution. It will not be contended, that the solicitor, in this ease, was restricted by this entry, from prosecuting the plaintiff, if on further consideration, and the production of more satisfactory testimony, he had thought proper to do so ; and if not, it follows conclusively that he was not legally discharged from the prosecution, and that the absurdity of his recovery in this action, and being hereafter convicted on the original prosecution, might happen.
I am of opinion that a nonsuit should be ordered. The motion is therefore granted.
Grimke, Nott and Cheves, JJ., concurred.

 2 N. & McC. 143, 55; 3 McC. 461

 4 McC, 357.